UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL D. READING,

      Petitioner,

v.                                     Case No. 8:03-cv-1655-T-23TGW

JAMES V. CROSBY, JR.,

      Respondent.

_____/

## O R D E R

    Reading petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254

(Doc. 1) and challenges his conviction for possession of methamphetamine and

possession of drug paraphernalia, for which he was sentenced to eight years.  The

response (Doc. 4) to the petition is supported by numerous exhibits ("Respondent's

Exhibit").  The respondent does not challenge the timeliness of the petition.  Having

considered the arguments of the parties and reviewed the record, this court concludes

that the petition is meritless.

### FACTS AND PROCEDURAL HISTORY

    On December 1, 1997, Polk County Sheriff's deputies stopped Reading for

speeding.  Reading's vehicle did not have a license plate.  A records search disclosed

that the license plate for that vehicle had expired approximately three years earlier.

Reading was placed under arrest, and when Reading emptied his pockets, the police

discovered "a glass tube about three and a half to four inches in length with brown

residue in it" (Respondent's Exhibit 1 at 37).  The residue tested positive for narcotics in

a field test (Respondent's Exhibit 1 at 38-39) and Reading admitted that the day before

he had used the tube to smoke methamphetamine (Respondent's Exhibit 1 at 42).  An

analysis by the Florida Department of Law Enforcement's crime laboratory determined

that the residue was methamphetamine (Respondent's Exhibit 1 at 81).

A jury found Reading guilty of (1) driving with a license plate expired more than

six months, (2) possession of methamphetamine, and (3) possession of drug

paraphernalia. Reading was sentenced to eight years for the possession of

methamphetamine and time served for remaining charges.  Reading's appointed

counsel filed an Anders[1] brief on direct appeal.  The convictions and sentences were

affirmed in a per curiam decision without a written opinion (Respondent's Exhibit 7).

Reading challenged his convictions in a state Rule 3.850 motion for

post-conviction relief (Respondent's Exhibit 10 at 75-98).  Two of the claims were

summarily denied as procedurally barred (Respondent's Exhibit 10 at 99-100) and the

remaining two claims were denied on the merits following an evidentiary hearing

(Respondent's Exhibit 10 at 159-60).  The denial of the motion for post-conviction relief

was affirmed on appeal in another per curiam decision without a written opinion

(Respondent's Exhibit 13).

## PROCEDURAL DEFAULT

A petitioner requesting a federal court to issue a writ of habeas corpus must

present his claims to the state courts in the procedurally correct manner.  Upshaw v.

---

[1] Anders v. North Carolina, 386 U.S. 738 (1967).

Singletary, 70 F.3d 576, 579 (11th Cir. 1995).  The procedurally correct way to raise a claim of trial court error is on direct appeal.  Reading's petition asserts the same two claims of trial court error that the state court rejected reviewing on procedural grounds in the motion for post-conviction relief.

Before a claim is procedurally barred from federal review, a state court must reject reviewing the claim that was presented in an incorrect manner.

> Thus, the mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: "The state court must actually have relied on the procedural bar as an independent basis for its disposition of the case."

Harris v. Reed, 489 U.S. 255, 262 (1989), quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985).  Also, the court must state that it is enforcing the procedural rules.  "[I]f 'it fairly appears that the state court rested its decision primarily on federal law,' this Court may reach the federal question on review unless the state court's opinion contains a 'plain statement' that its decision rests upon adequate and independent state grounds." Harris v. Reed, 489 U.S. at 261, quoting Michigan v. Long, 463 U.S. 1032, 1042 (1983). Consequently, citing to the state procedural rule and stating that the claim "could have been raised on direct appeal" or in some prior proceeding is insufficient.  Harris v. Reed, 489 U.S. at 266.  See also Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.) ("[W]here a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."), cert. denied, 513 U.S. 1061 (1994).  Consequently, the initial question is whether the state court issued a "plain statement" applying the independent and adequate state procedural bar.

In Ground Two Reading alleges that the trial court erred in finding him

competent.  In Ground Four Reading alleges that the trial court erred in not conducting

a proper hearing before accepting his guilty pleas to offenses charged in other

informations unrelated to the December 1, 1997, traffic stop.  The state court's order

summarily denying these two claims contained a "plain statement" invoking the state's

procedural default rule and declined considering the claims based on the default rule.

> In Ground Two, the Defendant claims the trial court failed to enter a
> written order regarding his competency to stand trial.  The Court's failure
> to enter an order regarding the Defendant's competency is an issue
> cognizable by means of a direct appeal.  The purpose of Fla. R. Crim. P.
> 3.850 is not to review errors that could have been presented on appeal,
> and appealable issues are foreclosed from consideration by motion under
> Rule 3.850.  See McCrae v. State, 437 So.2d 1388 (1983).  Since a trial
> court error is an issue reserved for direct appeal, the defendant is not
> entitled to relief on this claim.
>
> . . .
>
> In Ground Four, the Defendant claims he did not give an intelligent and
> voluntary waiver.  On March 9, 1999, after the jury reached a guilty verdict
> in case 97-06981, the Defendant pled nolo contendere in cases 97-05658
> and 97-05739.  Defendant's plea went to the latter cases, and the plea
> was not for the case considered in this motion.  As such, the Defendant's
> contention that his plea was not intelligent and voluntary is misplaced in
> this particular motion for postconviction relief.  The Defendant has filed a
> postconviction motion for cases 97-05658 and 97-05739, and this motion
> was denied as untimely.  Because the Defendant's plea went to two other
> cases, the Court's consideration of the nature of his plea is not necessary,
> and he is not entitled to relief on this claim.

(Respondent's Exhibit 10 at 100).  The state court's decision was summarily affirmed on

appeal (Respondent's Exhibit 13).  Consequently, Reading procedurally defaulted

Grounds Two and Four even though the appellate court did not address the issue.

Harmon v. Barton, 894 F.2d 1268, 1273 (11th Cir. 1990) (A state appellate "court's per

curiam affirmance of the trial court's ruling explicitly based on procedural default is a

clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal courts.").

## **EXHAUSTION**

Additionally, Reading's Ground One is not properly before this court because he failed to fully exhaust his state court remedies.  Reading alleges in Ground One that his trial counsel was ineffective for stipulating to Reading's competency.  Although Reading included this specific claim in the Rule 3.850 motion for post-conviction relief, he failed to argue it in his brief on appeal.[2]

To meet the exhaustion requirement, Reading must present his claims to the state courts before raising them in federal court, and the claims raised in the federal court must be the same claims presented to the state courts.  Picard v. Connor, 404, U.S. 270, 275 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); Rose v. Lundy, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.").  "Mere similarity of claims is insufficient to exhaust."  Duncan v. Henry, 513 U.S. 364, 366 (1995).  Additionally,  "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  The reverse of this statement is likewise true, that is, it is

---

[2] The rambling issue stated in the brief on appeal (Respondent's Exhibit 11 at 11) following the denial of Reading's Rule 3.850 motion for post-conviction relief tangentially refers to counsel having stipulated to Reading's competency.  However, the brief fails to include any supporting argument. Similarly, the state's answering brief (Respondent's Exhibit 12) does not address a claim of ineffective assistance of counsel based on the stipulation.

not enough to present the federal claim to the state courts but not the facts necessary to support the claim.  See, e.g., Brown v. Estelle, 701 F.2d 494, 495 (5th Cir. 1983) ("The exhaustion requirement is not satisfied if a petitioner presents new legal theories or entirely new factual claims in support of the writ before the federal court.").

The failure to properly exhaust state court remedies when remedies are available results in a procedural default of the unexhausted claims.  O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."), Kennedy v. Herring, 54 F.3d 678, 684 (1995) ("If a claim was never presented to the state courts, the federal court considering the petition may determine whether the petitioner has defaulted under state procedural rules."), appeal after remand, Kennedy v. Hopper, 156 F.3d 1143 (11th Cir.), cert. denied sub nom Kennedy v. Haley, 526 U.S. 1075 (1999).  Because he failed to argue the claim on appeal, Reading abandoned his claim that trial counsel was ineffective for having stipulated to Reading's competency.  Consequently, Ground One is procedurally barred from review.

The only remaining claim, Ground Three, alleges that trial counsel was ineffective for failing to have court appointed experts testify to Reading's competency and for failing to have the court appoint additional experts to determine whether Reading was competent to proceed to trial.  This claim is meritless.

## STANDARD OF REVIEW

Because this action commenced after April 24, 1996, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

governs this proceeding.  Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly deferential standard for federal court review of state court adjudications, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, §2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Moreover, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002). Accord Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

Reading's convictions and sentences were affirmed on direct appeal in a per curiam decision without a written opinion (Respondent's Exhibit 7), and the denial of his subsequent Rule 3.850 motion for post-conviction relief was likewise affirmed on appeal in another per curiam decision without a written opinion (Respondent's Exhibit 13). The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Reading has the burden of overcoming all state court factual determinations by clear and convincing evidence.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  This presumption of correctness applies only to findings of fact, not mixed determinations of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).  Consequently, this court must defer to the findings of fact found by the state court when it rejected Reading's post-conviction claims of

ineffective assistance of counsel (Order Denying Motion for Post-Conviction Relief,

Respondent's Exhibit 10 at 159-60).

### INEFFECTIVE ASSISTANCE OF COUNSEL

Reading claims ineffective assistance of counsel, a difficult claim to sustain.

"[T]he cases in which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d

1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th

Cir. 1994)).  Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective

assistance of counsel claim.

> The law regarding ineffective assistance of counsel claims is well settled
> and well documented.  In Strickland v. Washington, 466 U.S. 668, 104
> S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part
> test for analyzing ineffective assistance of counsel claims.  According to
> Strickland, first, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so serious that
> counsel was not functioning as the "counsel" guaranteed the defendant by
> the Sixth Amendment.  Second, the defendant must show that the
> deficient performance prejudiced the defense.  This requires showing that
> counsel's errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.  Strickland, 466 U.S. at 687, 104 S.Ct.
> 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent

prejudice.  Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court

deciding an ineffective assistance claim . . . to address both components of the inquiry if

the defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at

1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on

either of its two grounds.").  "[C]ounsel is strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. at 690.  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Reading must demonstrate that any alleged error by counsel prejudiced the defense. Strickland v. Washington, 466 U.S. at 691-92.  To meet this burden, Reading must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland v. Washington, 466 U.S. at 690-91.  Reading cannot meet the burden of Strickland by showing that, in hindsight, the avenue chosen by counsel proved ineffective.

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial. . . .  We are not
> interested in grading lawyers' performances; we are interested in whether
> the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v.

United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial

lawyers, in every case, could have done something more or something different.  So,

omissions are inevitable. . . .  [T]he issue is not what is possible or 'what is prudent or

appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v.

Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983)

(counsel has no duty to raise frivolous claims).

    As stated above, Reading must prove that the state court's decision was (1)

"contrary to, or involved an unreasonable application of, clearly established Federal law,

as determined by the Supreme Court of the United States; or (2) . . . based on an

unreasonable determination of the facts in light of the evidence presented in the State

court proceeding."  28 U.S.C. § 2254(d).  Consequently, the state court's determination

of each of Reading's claims largely governs this court's review of those same claims.

    The state court conducted an evidentiary hearing and then denied Reading's

claim of ineffective assistance of counsel as follows:

> As stated in Strickland v. Washington, 466 U.S. 668 (1984), in order for
> the Defendant to prevail on claims of ineffective assistance of counsel, he
> must satisfy both prongs of a two-prong test.  First, the Defendant must
> show that counsel's performance fell below an objective standard of
> reasonableness.  Second, he must show that, but for counsel's errors,
> there is a reasonable probability that the result of the proceeding would
> have been different.  After observing and evaluating the testimony and

evidence presented at the hearing, this Court finds that Defendant has failed to establish the first prong of the <u>Strickland</u> standard of his motion.

Defendant contends that his trial counsel was ineffective for failing to more fully investigate the issue of his mental competency to proceed to trial. Defense trial counsel testified at the evidentiary hearing that he had received and reviewed two independent mental evaluations of the Defendant conducted for the purpose of determining Defendant's competency.  One report, Dr. Dolente's, clearly states that Defendant was found to be mentally competent to proceed.  The other report, Dr. Dee's, is less clearly stated.  Dr. Dee, however, did not find Defendant incompetent to proceed.  Testimony at the evidentiary hearing revealed that defense counsel contacted Dr. Dee via telephone to follow-up the doctor's written report.  At the conclusion of this telephone conversation defense counsel concluded that Dr. Dee's report could only be useful in supporting an argument for mitigation but not in direct support of a finding of incompetence.  With this knowledge, defense counsel determined that any further efforts at establishing incompetency would be unproductive.

This Court cannot find error in counsel's decision based on the information he had received from the two independent clinical psychologists.  As such, the Court finds that Defendant has failed to meet the first prong of the <u>Strickland</u> standard.  Because Defendant has failed to meet the first prong of <u>Strickland</u>, there is no need to determine whether or not the second prong has been satisfied.

(Respondent's Exhibit 10 at 159-60).  The state court correctly recognized that

Reading's ineffective assistance of counsel claim is governed by <u>Strickland</u> and held

that Reading did not meet the deficient performance prong of the <u>Strickland</u> standard.

Consequently, Reading cannot meet the "contrary to" test in Section 2254(d)(1).

Reading must instead show that the state court's decision is an unreasonable

application of <u>Strickland</u> or an unreasonable determination of the facts.

Reading has not met his burden.  The state court found as a factual matter that

defense counsel contacted Dr. Dee to clarify his opinion whether Reading was

competent.  Based on that telephonic conversation, defense counsel determined that

"further efforts at establishing incompetency would be unproductive."  Based on these

findings, the state court's determination that defense counsel's performance was not deficient is a reasonable application of Strickland.

Accordingly, Reading's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Reading and close this action.

ORDERED in Tampa, Florida, on October 6, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro